IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**COLBY PICHON**                                                                                          **PLAINTIFF**

**VS.**                                                                            **CASE NO.:** <u>1:23cv172 LG-BWR</u>

**CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON SUBSCRIBING TO POLICY**
**NUMBER LSP600009089A AND**
**CHUBB GLOBAL MARKETS SYNDICATE 2488**                              **DEFENDANTS**

<u>**COMPLAINT**</u>
(Jury Trial Requested)

**COMES NOW** Plaintiff, Colby Pichon, by and through his attorney of record, and enters this complaint against Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy Number LSP600009089A and Chubb Global Markets Syndicate 2488, and shows this Honorable Court that:

**I. PARTIES**

**1.**

Plaintiff **COLBY PICHON** is an adult resident of and is domiciled in Pearl River County, Mississippi.

**2.**

Defendant **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER LSP600009089A** ("Lloyd's"), upon information and belief, is a non-admitted surplus lines insurer doing business in the State of Mississippi and Pearl River County, which is incorporated in England, and has its principal place of business in London, England,

which may be served through the Mississippi Commissioner of Insurance under Mississippi Code Section 83-21-29.

3.

Defendant **CHUBB GLOBAL MARKETS SYNDICATE 2488** ("Chubb"), upon information and belief, is a Lloyd's syndicate whose corporate member is Chubb Underwriting Agencies Limited, a company incorporated in England with its principal place of business in England, which may be served through the Mississippi Commissioner of Insurance under Mississippi Code Section 83-21-29.

## II. JURISDICTION AND VENUE

4.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District; and the property that is subject to the dispute between Plaintiff and Defendants is located in this District.

## III. RELEVANT FACTS

6.

At all relevant times, Plaintiff owned the property located at 76 Otis Steward Road, Picayune, Mississippi 39466 (the "Property").

**7.**

At all relevant times, Defendants provided a policy of insurance, number LSP600009089A (the "Policy"), to Plaintiff, which covered the Property against perils including hurricanes, and provided the following coverages: $254,000.00 for the Dwelling, $25,400.00 for Other Structures, $70,000.00 for Personal Property, and $10,000.00 for Loss of Use, *inter alia*.

**8.**

On or about August 29, 2021, Hurricane Ida caused significant damages to the Property.

**9.**

Plaintiff promptly reported the loss to Defendants, who assigned it claim number 1062136 (the "Claim").

**10.**

On or about September 30, 2021, Defendants inspected the Property and documented damages to the dwelling, but after over-depreciating the loss and applying the Policy's deductible, Defendants allowed Plaintiff just $8,011.48 for his substantial dwelling losses and $2,166.55 for losses to other structures.

**11.**

This inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**12.**

Upon information and belief, Defendants did not release any benefits under the Policy until almost three months later, on or about December 17, 2021, when Defendants released $8,011.48 for the dwelling and $2,166.55 for other structures per the September 2021 estimate.

**13.**

Upon realizing that Defendants would not adjust his claim fairly or accurately, Plaintiff retained public adjusters Irwin & Associates, LLC ("Irwin") to inspect the Property and value his damages.

**14.**

On or about March 21, 2022, Irwin submitted to Defendants an estimate from Beau's Air Conditioning & Heating for replacement of two water source heat pump units and all PVC water lines at the Property in the amount of $44,458.50 with request for payment.

**15.**

On or about April 3, 2022, Irwin inspected the Property and thereafter completed an estimate of damages to the Property documenting $221,529.44 (RCV) damages to the dwelling and $12,922.49 (RCV) for contents (the "Irwin estimate").

**16.**

On or about May 9, 2022, Irwin submitted the Irwin estimate along with its supporting photo report to Defendants.

**17.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**18.**

On or about June 10, 2022, Defendants created a revised estimate and documented damages to the dwelling, but after over-depreciating the loss and applying the Policy's deductible, Defendants allowed Plaintiff just $41,637.94 for the dwelling and $4,079.06 for other structures.

19.

Defendants did not release additional benefits according to the June 10, 2022 revised estimate until over a month later, on or about July 15, 2022, when supplemental payment was made in the amount of $33,626.46 for the dwelling and $1,912.71 for other structures.

20.

No further payments have been made.

21.

Defendants have filed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to rely entirely on the incorrect assumptions and conclusions of their agents, employees, or consultants.

22.

Defendants have persisted in refusing to pay the full amount due to Plaintiff's claim. No reasonable basis exists or has existed at any time for Defendants' delay and/ or refusal to provide covered benefits due and owing under the Policy.

23.

Defendants' failure to comply with the terms of their own Policy caused and continues to cause significant delays to repair of the Property.

24.

At all relevant times, Plaintiff has complied with his obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to his insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

**25.**

Upon information and belief, Defendants purposefully and/ or negligently failed to timely tender benefits due to Plaintiff after having received satisfactory proof of loss.

**26.**

Upon information and belief, Defendants manipulated their pricing software to artificially suppress the cost of repairs below market value.

**27.**

Upon information and belief, Defendants purposefully and/ or negligently failed to include adequate overhead and profit in their estimates of damages.

**28.**

Plaintiff has incurred or will incur additional expenses in repairing the Property as a result of Defendants' failure to timely compensate him for his substantial and covered losses.

**29.**

As a result of Defendants' failure to timely and adequately compensate Plaintiff for his covered loss, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

**30.**

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of Defendants. Defendants are therefore liable to Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## IV. BREACH OF CONTRACT

### 31.

Plaintiff realleges and re-avers the allegations contained in the paragraphs above as if restated herein.

### 32.

Defendants owe a duty to their policyholder to make prompt and proper payment for all claims, to make their policy limits available to insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

### 33.

Plaintiff has now suffered covered losses under the Policy.

### 34.

Defendants breached their contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

b. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

c. Failing to include adequate overhead and profit in its estimates of damages.

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy.

**WHEREFORE**, Plaintiff, Colby Pichon, prays that Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy Number LSP600009089A and Chubb Global Markets Syndicate 2488, be served with a copy of this Complaint, and after being duly cited to appear

and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against the Defendants as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses and for all legal and equitable relief this honorable court shall deem appropriate.

Further, a **TRIAL BY JURY** is requested on all issues raised herein.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2023.

_____
LINDSEY A. TOPP, NO. 104182
HAIR SHUNNARAH TRIAL ATTORNEYS
3540 S. I-10 SERVICE RD. WEST, STE. 300
METAIRIE, LA 70001
Ph: (504) 323-6951
F: (504) 613-6351
ltopp@hstalaw.com
*Attorney for Plaintiff, Colby Pichon*